UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
ADMIRALTY

| | |
|---|---|
| SPLIETHOFF TRANSPORT B.V., <br><br> Plaintiff, <br><br> v. <br><br> DUET ADRIATIC LTD. (U.K.), <br><br> Defendant. | CASE NO. |

## **VERIFIED COMPLAINT**

Plaintiff, SPLIETHOFF TRANSPORT B.V. ("Plaintiff"), by and through its undersigned counsel, complaining of the above-named Defendant, DUET ADRIATIC LTD. ("Defendant" or "Vessel Owner") avers and pleads as follows:

## **JURISDICTION**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract, making this claim cognizable under this Court's admiralty and maritime jurisdiction.

2. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3. As further set forth below, this action is based on the liability of the Defendant, neither of which can be found within the Southern District of Florida, and Plaintiff seeks to attach their property *in personam*, which is within the Southern District of Florida, Fort Lauderdale Division.

## PARTIES

4. At all material times, Plaintiff was and is a foreign company organized and existing under the laws of The Netherlands with its principal office and place of business at Radarweg 36, 1042 AA Amsterdam, The Netherlands.

5. Defendant is, upon information and belief, a foreign global investment holding companies existing under the laws of the United Kingdom with an office and place of business at Bank House, Bank Street, Ashford, Kent TN23 1BX.

## VENUE

6. The Defendant cannot be found in the Southern District of Florida.

7. However, property belonging to the Defendant, specifically the M/Y CHIMERA, her engines, boilers, tackle, apparel, tenders, inflatable boats and all necessary appurtenances thereto ("the Vessel"), are present in the District, specifically in Fort Lauderdale, Florida, and bear no statutory or general maritime law proscriptions to Process of Maritime Attachment and Garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

8. Accordingly, venue is proper for this action in the Southern District of Florida, Fort. Lauderdale Division as the property sought to be attached is, upon information and belief, currently located 400 Royal Plaza Drive, Fort Lauderdale, Florida 33301.

## THE FACTS

9. Plaintiff is an international yacht transport company, transporting yachts on board larger vessels around the world.

10. Defendant owned and/or controlled at all times material hereto the Vessel.

11. Ocean Transport is, upon information and belief, a fully licensed and bonded freight forwarder, delivering logistics and transportation solutions to the ocean transport industry with its principal place of business in Florida.

12. On March 2, 2020, Defendant executed a Power of Attorney, as the Vessel Owner, in favor of Ocean Transport, for the purposes of authorizing Ocean Transport to coordinate the transportation of the Vessel with Plaintiff. A copy of the Power of Attorney is attached hereto as "Exhibit 1."

13. On March 4, 2020, Ocean Transport, pursuant to the authority of its Power of Attorney from Defendant, entered into a Yacht Contract with Plaintiff for the carriage of the subject Vessel from the port of Monfalcone, Italy to Palm Beach, Florida, USA. A copy of the Yacht Contract ("Yacht Contract") is attached hereto as "Exhibit 2."

14. The agreed upon freight for the transportation of the Vessel was USD $145,000.00. *Id*.

15. The Vessel was scheduled to be shipped on or about April 20, 2020 from Monfalcone, Italy with the latest departure date being May 10, 2020. *Id*.

16. Clause 10.4 of the parties' Yacht Contract, titled "Cancellation Fee", states:

> In case of cancellation of this Contract by the Yacht Owner before the date mentioned in Box 6, the following cancellation fees (in percentages of the freight set forth in Box 10) shall be payable by the Yacht Owner: (a) 75% if cancelled 30 calendar days or more prior to the date stated in Box 6 or, in case of a range of or window of dates is sated in Box 6, the earliest date of such a range or window of dates; (b) 80% if cancelled between 29 and 15 days prior to the date mentioned in Box 6 or the earliest date in case of a range or window of dates; **(c) 100% if cancelled 14 calendar days or less prior to the date mentioned in Box 6 or the earliest date in case of a range or window of dates, or at any time thereafter.**

*Id*. at Clause 10.4 (emphasis added).

17. Plaintiff attempted to transport the Vessel several times, but the Vessel Owners advised Plaintiff that due to the COVID-19 pandemic, the Vessel could not be shipped.

18. On May 20, 2020, Vessel Owners, through Ocean Transport, advised the Plaintiff that they were forced to cancel the Yacht Contract. A copy of the referenced communication is attached hereto as "Exhibit 3."

19. Plaintiff herein subsequently learned that the Vessel Owners had already shipped the Vessel on another yacht transport company a month earlier, on or about April 24, 2020.

20. Upon information and belief, the Vessel was unloaded in Fort Lauderdale, Florida, USA in May of 2020 making Plaintiff's performance under the Yacht Contract impossible.

21. Despite demand for the Cancellation Fee due pursuant to the parties' Yacht Contract, Defendant have failed and/or refused to remit payment of the same.

22. Plaintiff has incurred certain costs, expenses and charges in relation to the preparation for the fulfillment of Plaintiff's contract with the Vessel Owners pursuant to the Contract and have been damaged as a result.

23. Based on the cancellation of the Yacht Contract by Defendant and pursuant to Clause 10.4 of the Yacht Contract, one hundred and forty five thousand dollars ($145,000.00) plus costs, expenses and charges is owed to the Plaintiff.

## BREACH OF MARITIME CONTRACT

24. Plaintiff repeats and re-alleges paragraphs 1-23 of this Verified Complaint as if fully set forth herein.

25. Defendant authorized Ocean Transport to act for and on its behalf as the true and lawful agent and attorney pursuant to Power of Attorney dated March 2, 2020. "Exhibit 1."

26. The Yacht Contract between the parties became effective on March 4, 2020 and constitutes a valid maritime contract. "Exhibit 2."

27. The Yacht Contract provided for the carriage of the Vessel from Monfalcone, Italy to Palm Beach, Florida. *Id.*

28. Plaintiff performed certain obligations and was prepared to perform all obligations under the Yacht Contract for the carriage of the Vessel.

29. Defendant, as Owner of the Vessel, failed to perform its obligation to make the Vessel available to the Plaintiff and ready for loading at the Load Port pursuant to the Yacht Contract.

30. Defendant, as registered Owner of the Vessel, failed to cancel the Contract as permitted by the Yacht Contract, instead cancelling the Yacht Contract ten (10) days after the last load date.

31. In fact, Defendant shipped the Vessel on another carrier prior to attempting to cancel the Yacht Contract.

32. Defendant, as Owner of the Vessel, failed to pay the cancellation fee due to Plaintiff pursuant to Section 10.4 of the Yacht Contract.

33. Defendant, as Owner of the Vessel, failed to pay the costs, expenses and charges incurred by the Plaintiff, including but not limited to demurrage, which were due to be paid to the Plaintiff within three banking days after notice of cancellation by the Vessel Owner, pursuant to Section 10.4 of the Yacht Contract.

34. Plaintiff has made due demand upon Defendant for payment based on Defendant's breach of the Yacht Contract.

35. Defendant have failed, neglected or otherwise refused to compensate Plaintiff as provided for in the Yacht Contract.

36. As a result of Defendant's breach of the maritime contract, Plaintiff has been damaged in an amount exceeding USD $145,000.00.

## APPLICATION FOR ATTACHMENT UNDER
## SUPPLEMENTAL ADMIRALTY RULE B

37. Plaintiff repeats and re-alleges paragraphs 1-36 of this Verified Complaint as if fully set forth herein.

38. Plaintiff has a maritime claim against Defendant arising out of a breach of a maritime contract.

39. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims of the Federal Rules of Civil Procedure. Affidavit of Foreign Attachment, "Exhibit 4."

40. Notwithstanding, Defendant has tangible personal property comprised of the Vessel within the Southern District of Florida, which is subject to attachment as security for Plaintiff's maritime claims.

41. Having operated at all relevant times as a single enterprise, it would be fair and equitable for any asset of Defendant to be subject to the claims of creditors of the enterprise, such as Plaintiff, and for any such assets to be attached as security for Plaintiff's claims.

42. Further, there are no statutory or general maritime law proscriptions to the attachment of the Vessel based on the Defendant's breach of contract.

43. Plaintiff has attached its Summons to Defendant as "Exhibit 5," which the Plaintiff will attempt to serve on Defendant in conformity with the Hague Convention.

44. Plaintiff has attached its USM-285 form hereto as "Exhibit 6."

45. Presuming the Court finds that, based on the information in this Verified Complaint, probable cause exists to attach the property of the Defendant under Fed. R. Civ. P.

6

Supp. B., Plaintiff has attached its proposed Summons and Process of Maritime Attachment and Garnishment as "Exhibit 7," its proposed Order Directing the Issuance of the Process of Attachment and Garnishment as "Exhibit 8" and its proposed Process of Attachment and Garnishment for the Vessel for issuance by the Clerk. as "Exhibit 9."

46. Accordingly, pursuant to Supplemental Admiralty Rules B of the Federal Rules of Civil Procedure, Plaintiff respectfully requests this Court attach Defendant's Vessel found within the Southern District of Florida and, potentially, garnish the Vessel for amounts up to USD $145,000.00 plus costs, expenses, fees and interest as well as any other such other and further relief as this Court deems just and equitable until the claims related to the breach of contract is resolved in the Netherlands as required by the Yacht Contract.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays as follows:

A. That the declaration that Defendant cannot be found within the District, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, be found good and sufficient in accordance with the verification provided in this Complaint;

B. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, issue against Defendant by the Court's execution of the Proposed Summons and Process of Maritime Attachment and Garnishment as "Exhibit 7" and the Court entering the proposed Order attached as "Exhibit 8," directing the Clerk to issue the Process of Attachment and Garnishment in the form of "Exhibit 9," the proposed Process of Attachment and Garnishment for the Vessel;

C. That pursuant to Supplemental Admiralty Rule B, Process of Attachment and Garnishment for amounts up to $145,000.00 plus costs, expenses, fees and interest as well as any other such other and further relief as this Court deems just and equitable issue upon

execution of "Exhibit 9," the proposed Process of Attachment and Garnishment for the Vessel, and the U.S. Marshal attach Defendant's property found within the Southern District of Florida, including but not limited to the M/Y CHIMERA, her engines, boilers, tackle, apparel, tenders, inflatable boats and all necessary appurtenances thereto, owned by said Defendant;

D.      That this Court retain jurisdiction over this matter for purposes of any subsequent actions as may be necessary, including post-attachment hearings, foreclosure and/or juridical sale of the Vessel and enforcement of the Netherlands judgement and entry of judgement thereon through Garnishment of the Vessel for amounts the amount of at least $145,000.00 plus costs, expenses, fees and interest as well as any other such other and further relief as this Court deems just and equitable; and,

E.      That Plaintiff SPLIETHOFF TRANSPORT B.V. be awarded its costs, expenses, fees and interest as well as any other such other and further relief as this Court deems just and equitable.

Dated: this 26th of October, 2020.

Respectfully submitted,

/s/ J. Michael Pennekamp
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com

Christine M. Walker
Fla. Bar No. 98166
Email: cwalker@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

9

## VERIFICATION

I, Judith Kuiper., state as follows:

47.	I am a Legal Officer for Spliethoff Transport B.V., a Netherlands based international vessel transport company. I have read the foregoing Verified Complaint and I believe, under the penalty of perjury, the contents thereof are true.

48.	The sources for my information and belief as to the truth of the allegations of this Verified Complaint are based on my personal knowledge of the underlying Yacht Contract attached as "Exhibit 2" to the Complaint and my general handling and oversight over this claim once Defendant reneged upon their contractual responsibilities.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _Amsterdam, NL, 13 Oct. 2020_

_____
Judith Kuiper

SPLIETHOFF TRANSPORT B.V.
LEGAL DEPARTMENT